IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JOHN STEWART, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-177 |
| | : | |
| GEORGE WAGNER, et al | : | |
| Defendants | : | |

**M E M O R A N D U M**

Stengel, J                                                                                                         August 31, 2010

Thomas John Stewart filed a Section 1983 prisoner civil rights claim in 2007. When his court-appointed attorneys represented that Mr. Stewart authorized their withdrawal of his claim, this court entered an order pursuant to Local Rule 41.1(b) dismissing the action with prejudice. Mr. Stewart contends he did not acquiesce in the withdrawal of his claim. His motion for relief from judgment will be granted.

**I.     BACKGROUND**

On January 18, 2007, Thomas John Stewart filed a Section 1983 civil rights complaint against George Wagner, Warden of the Berks County Prison ("BCP" or "the prison"), Dr. Eric Von Kiel, Medical Director at the prison, and Cindy Sheldon, Medical Administrator at the prison.  (Document #3).  Mr. Stewart was incarcerated as a pre-trial detainee at BCP starting August 4, 2006, and he alleged that, some time after his

admission, medical staff members at the prison[1] determined that he needed medical attention for open sores on his leg. Id. He claimed a nurse at the prison forced him to use ointment on a daily basis even though Stewart explained to her that he had been directed by another physician to use the ointment only once a week, and that he did not receive the daily cleaning required for the sores. Id. Essentially, Stewart claimed that the prison's improper treatment of the sores resulted in a painful four months of suffering before they healed. Id. Mr. Stewart alleged that Wagner, Von Kiel, and Sheldon violated the Eighth and Fourteenth Amendments by failing to provide him with proper medical treatment. Id. He claimed their actions caused him "pain and suffering," "emotional distress," "anxiety, embarrassment, [and] humiliation" and that he continues to have difficulty breathing and feels pain in his stomach and back. Id.

Mr. Stewart noted in his complaint that he "would appreciate the Courts to appoint counsel." Id. After Wagner and Von Kiel filed motions to dismiss his complaint (Documents ## 7, 12), Mr. Stewart filed a separate motion for appointment of counsel on March 8, 2007 (Document #15), which I granted. Thomas O'Keefe, Esq., a lawyer on the Prisoner Civil Rights Panel, was appointed counsel to represent Mr. Stewart on March 21, 2007. Mr. O'Keefe handled Mr. Stewart's case along with an associate, Konrad Jarzyna, Esq. It is the subject of Mr. Stewart's communications with Mr. O'Keefe and Mr. Jarzyna that is at the heart of Mr. Stewart's motion for relief from judgment.

---

[1] Prime Care Medical was allegedly responsible for providing medical care at BCP, but it was not named as a defendant.

In a July 20, 2007 telephone conference, Mr. O'Keefe represented to the Court that he had engaged in discovery and was voluntarily withdrawing the action on behalf of Mr. Stewart. This court issued an order pursuant to Local Rule 41.1(b) dismissing the action with prejudice, although no official motion for voluntary dismissal was filed by Mr. O'Keefe. Nothing further was heard from Mr. Stewart until August 26, 2009, when he sent a letter to this court's chambers inquiring about the status of his suit and requesting new counsel because his appointed counsel was not pursuing his case and had not "been in touch" with him in two years.

Mr. O'Keefe sent a letter to the Court on November 4, 2009 in response to Mr. Stewart's inquiry, explaining that he and Mr. Jarzyna thought Mr. Stewart understood that his case was being closed. He wrote that he had not communicated with Mr. Stewart about the Section 1983 action since its dismissal. His firm had, however, successfully represented Mr. Stewart in a Social Security case relating to his disability claim.

I sent Mr. Stewart a letter on November 5, 2009, explaining that his case had been dismissed. Mr. Stewart now claims that he did not authorize this dismissal and has filed a motion seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Mr. Stewart requested an evidentiary hearing concerning the motion to reopen his case. The hearing was held May 17, 2010, with Mr. Stewart attending by video-conference from a prison in Muskegon, Michigan, and attorneys for all parties present in the courtroom.

At the hearing, Mr. O'Keefe, Mr. Jarzyna, and Mr. Stewart each testified under oath. Mr. O'Keefe represented that his firm performed due diligence after being appointed as counsel for Mr. Stewart. Specifically, Mr. O'Keefe obtained Mr. Stewart's private and prison medical records from before, during, and after his incarceration at BCP. Evidentiary Hearing Tr., 12. After the medical records were obtained, Mr. O'Keefe retained a medical expert to examine them. Id. The expert opined that Mr. Stewart had received an appropriate level of medical care while at the prison. Id. Mr. O'Keefe concluded that, because Mr. Stewart had received appropriate care considering his medical history, his case lacked merit. Id. at 13.

Mr. Jarzyna was the attorney responsible for personal contact with Mr. Stewart. Tr., 15. He met with Mr. Stewart twice in connection with this case - once shortly after O'Keefe was appointed counsel, and again following O'Keefe's review of the medical records and procurement of a medical expert's opinion. Id. at 15-16. Mr. Jarzyna testified that, when he spoke with Mr. Stewart the second time, he informed Mr. Stewart that the case lacked merit. Id. at 16. Mr. Jarzyna believed Mr. Stewart not only understood the basis for voluntary dismissal but that Mr. Stewart authorized the dismissal. Id. at 16, 19-20. During their second conversation and following their discussion about the 1983 action, Mr. Stewart asked Mr. Jarzyna to represent him in the social security disability case. Id. at 17. Mr. Jarzyna agreed and ultimately obtained a judgment for disability payments owed to Mr. Stewart. Id. at 18.

Mr. Stewart represented at the hearing that he believed this matter was ongoing, and that "nobody informed me that this case was dismissed." Tr., 5. He said he told Mr. Jarzyna that "under no circumstances do I wish to dismiss this case." Id. He explained that he has sent Mr. O'Keefe and Mr. Jarzyna letters and materials about the case and did not receive anything from them in return, and that he wrote to us in August of 2009 when he "finally had enough." Id. at 6.

At the hearing, Mr. O'Keefe provided us with copies of the letters received from Mr. Stewart. Mr. Stewart wrote letters to Mr. Jarzyna on August 6, 2007, August 15, 2007, September 21, 2007, October 28, 2007, January 16, 2008, March 23, 2008, May 21, 2008, August 23, 2008, January 25, 2009, and February 4, 2009. The content of these letters is, almost exclusively, Mr. Stewart's social security disability claim. He once mentions the possibility of a class action lawsuit against BCP, but in this context, gives Mr. Jarznya the name of a fellow prisoner as a potential client. Nowhere does Mr. Stewart mention *his* Section 1983 action, but nowhere does he evidence an understanding that it had been dismissed.

Importantly, Mr. O'Keefe testified at the hearing that, while it is the policy of his firm to send a client copies of court orders related to a case, his office has no record confirming that Mr. Stewart was sent a copy of the order dismissing his case with prejudice. Id. at 37.

## II. STANDARD OF REVIEW

Local Rule 41.1(b) provides:

> Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal.

Local Rule 41.1(b).[2]

Although Rule 41.1(b) may be instructive in determining what is a "reasonable" time for filing a motion for relief from judgment, this court is bound by Federal Rule of Civil Procedure 60(b), which sets forth acceptable reasons for relief from an order of dismissal and takes precedence over the local rule. See Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (1993). Rule 60(b) sets forth six bases for relieving a party from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(b) also provides that a motion for relief from judgment

---

[2] Local Rule 41.1(b) is identical to former Local Rule 23(b).

"must be made within a reasonable time" or, when based on subsections (1), (2), or (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Id.

Federal Rule of Civil Procedure 41 governs dismissal of actions. Rule 41(a) applies to voluntary dismissals, both by the plaintiff and the court. A plaintiff can effect voluntary dismissal of an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties. See FED. R. CIV. P. 41(a)(1). A plaintiff can also voluntarily dismiss an action by court order at any time "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Orders from court effecting voluntary dismissal are without prejudice unless the order states otherwise. Id. "In general, a dismissal should be allowed unless the defendant will suffer some plain legal prejudice." Citizens Sav. Ass'n v. Franciscus, 120 F.R.D. 22, 24 (M.D.Pa. 1988).

## III. DISCUSSION

The order dismissing this action with prejudice pursuant to Rule 41.1(b) was entered on July 20, 2007. Document # 25. Mr. Stewart did not file his motion for relief from judgment until November 30, 2009. Document # 28. Sawka dictates that, in determining whether Mr. Stewart's motion has been filed within a reasonable time we look to Local Rule 41.1(b), but ultimately defer to the more forgiving time period

proscribed in Rule 60(b). Mr. Stewart's motion for relief was filed well beyond the one year time period for appeal applicable for "mistake, inadvertence, or neglect," and therefore must be considered under subsection (6), for "any other reason that justifies relief." FED. R. CIV. P. 60(b).

I find that Mr. Stewart's motion was filed within a reasonable time under all the circumstances. I believe that his attorneys, Mr. O'Keefe and Mr. Jarzyna, represented him well and to the fullest extent of their abilities. In fact, they went above and beyond their responsibilities by representing him successfully in his social security matter. I believe they investigated the merits of his claims, communicated with him in good faith, and got permission from him to withdraw the action. However, because there is no documentary evidence establishing that Mr. Stewart was aware of the dismissal, I must assume that he had no such knowledge. According to Mr. Stewart's testimony, he did not know his attorneys informed the court that the action could be withdrawn. Tr., 5. He claims he expressly told them that the action should not be withdrawn. Id. While Mr. Stewart's letters to his attorneys from 2007 through 2009 contain no mention of his Section 1983 claim, neither do they evidence any knowledge that the case was dismissed. A lack of knowledge about the dismissal justifies relief from this court's 41.1(b) order.

Mr. Stewart's failure to inquire about the status of his case for over two years is difficult to understand, but there is no clear evidence that he knew about the dismissal of the action. Our courts have a long history of construing pro se complaints and pleadings,

especially those asserting civil rights claims, liberally. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct, 2197, 167 L. Ed. 2d 1081 (2007); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L. Ed. 2d 652 (1972). The reason behind this less exacting standard is the average pro se plaintiff's lack of legal sophistication. See Erickson, 551 U.S. at 94. It is because of Mr. Stewart's admitted unfamiliarity with the law that I will give him the benefit of the doubt.

Had Mr. Stewart's case been dismissed pursuant to Federal Rule 41, it likely would have been dismissed without prejudice, as the parties had not engaged in substantial discovery and there was no plain legal prejudice that would result to the defendants. Notably, the defendants have not responded to Mr. Stewart's motion for relief from judgment. Because there is no proof that Mr. Stewart acquiesced in his attorneys' withdrawal of his case, and Mr. Stewart has testified under oath that he at no time authorized withdrawal, he has shown a legitimate reason that justifies relief from this court's order dismissing his case.

## IV.  CONCLUSION

For the foregoing reasons, I will grant Mr. Stewart's motion for relief from judgment and vacate this court's order dismissing his claim with prejudice.

In consideration of Mr. Stewart's oral request at the hearing in this matter for new

counsel, I will appoint an attorney from the Prisoner Civil Rights Panel to represent him. I will also reinstate the motions to dismiss filed by defendants, and will set a briefing schedule for responses to these motions following appointment of counsel.