IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS JOHN STEWART, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 07-0177 |
| GEORGE WAGNER, et al., | : | |
| Defendants. | : | |

FILED

JAN - 9 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM**

**STENGEL, J.**                                             January 9, 2013

Plaintiff Thomas Stewart, an inmate, filed this action against several Berks County Prison (BCP) officials and the Pennsylvania Department of Corrections (DOC).[1] He alleges violations of the First, Fifth, Eighth, and Fourteenth Amendments; the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; and Pennsylvania state law. Defendants moved to dismiss. For the following reasons, I will grant the motions.

## I.   BACKGROUND[2]

### A.   Factual History

Stewart is currently incarcerated at the State Correctional Institution at Cresson (SCI Cresson). At all times relevant to this lawsuit, Stewart was incarcerated at BCP.[3]

---

[1] Stewart also sued "various agents and employees of the [DOC] whose names and addresses are unknown and undiscovered." It does not appear the DOC or the John Doe defendants have been served. Regardless, because Stewart's amended complaint simply contains no allegations against the John Doe defendants, they are dismissed for failure to state a claim upon which relief can be granted. Furthermore, as I will explain, Stewart's claims against the DOC are meritless.

[2] In accordance with Federal Rule of Civil Procedure Rule 12(b)(6), I "accept all of the complaint's well-pleaded facts as true." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The precise timeline of Stewart's incarceration at BCP is unclear from his amended complaint. Stewart apparently entered BCP as a pre-trial detainee on August 4, 2006, following his arrest for burglary and related offenses. As of the filing of his original complaint on January 16, 2007, Stewart was still incarcerated at BCP. He pled guilty to

Am. Compl. ¶ 28. "[B]eginning in 2006," Stewart developed open sores on his legs and feet. Id. ¶ 29. He was treated by "outside physicians," who instructed him to apply prescribed ointment once a week. Id. ¶ 30. Despite this instruction, "[v]arious of the defendants" required him to apply the ointment daily. Id. ¶ 31. Stewart claims these "conflicting, countermanding, and contradictory" instructions prevented his sores from healing. Id. ¶ 32. Additionally, Stewart claims BCP personnel failed to properly treat a host of other injuries he sustained previously at a different correctional facility. Id. ¶¶ 18-27, 36, 37, 40-47.

## B. Procedural History

Because this case spans well over five years, I explain in detail its procedural history. Stewart filed his original complaint on January 18, 2007, naming as defendants BCP Warden George Wagner, BCP Medical Director Dr. Eric Von Kiel, and BCP Medical Administrator Cindy Shelton.[4] He sought recovery under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments. I appointed Thomas O'Keefe, an attorney on the Prisoner Civil Rights Panel, to represent Stewart.

In a July 20, 2007, telephone conference, Mr. O'Keefe represented to the court that he had engaged in discovery, had discussed the case with Stewart, and was voluntarily withdrawing the action on Stewart's behalf. Pursuant to Local Rule of Civil Procedure 41.1(b), I issued an order dismissing the action with prejudice. Nothing further was heard from Stewart until August 26, 2009, when he sent a letter to the court

---

burglary on July 16, 2007; however, it is unclear when he was transferred to SCI Cresson or whether he spent any time at BCP as a convicted prisoner.

[4] Shelton and Von Kiel appear to be employed by PrimeCare Medical, Inc.

2

inquiring about the status of his suit and requesting new counsel because his appointed counsel was not pursuing his case and had not "been in touch" with him in two years. I sent Stewart a letter on November 5, 2009, explaining that his case had been dismissed. Stewart claimed he did not authorize this dismissal, and he filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

At a subsequent evidentiary hearing, Mr. O'Keefe explained that he had obtained Stewart's private and prison medical records from before, during, and after his incarceration at BCP. After the medical records were obtained, Mr. O'Keefe retained a medical expert to examine them. The expert opined that Stewart had received an appropriate level of medical care while at BCP. Mr. O'Keefe concluded that because Stewart had received appropriate care, his case lacked merit. Mr. O'Keefe further testified that he informed Stewart his case lacked merit and that Stewart authorized its dismissal. Stewart represented at the hearing that he believed the matter was ongoing and that "nobody informed [him] that this case was dismissed."

I found Mr. O'Keefe to be credible at the evidentiary hearing; however, because there was no written confirmation that Stewart authorized dismissal of his case, I gave him the benefit of the doubt and granted his motion for relief from judgment on August 31, 2010. That decision was an accommodation to Stewart, an incarcerated plaintiff, on the basis of a disagreement with counsel over who said what to whom about dismissing his apparently frivolous case. That decision was not meant to reflect poorly on Mr. O'Keefe's efforts to represent Stewart. In fact, Mr. O'Keefe gave careful consideration to Stewart's case and provided helpful and productive advice in another legal matter.

3

Attorney Larrick Stapleton assumed representation of Stewart. On February 24, 2011, Stewart filed the amended complaint presently before me. He alleges violations of the First, Fifth, Eighth, and Fourteenth Amendments, the FTCA, the ADA, and Pennsylvania state law. In addition to again naming Wagner, Von Kiel, and Shelton as defendants, Stewart also sued the DOC.

Wagner, Von Kiel, and Shelton filed the motions to dismiss presently under consideration. Stewart, through his counsel, Mr. Stapleton, filed virtually identical responses to Wagner's and Shelton's motions but not to Von Kiel's motion. On March 9, 2012, Mr. Stapleton filed a motion to withdraw from Stewart's case for lack of merit, which I granted. Stewart, proceeding pro se, filed a response to Von Kiel's motion on August 7, 2012.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "[C]onclusory or 'bare-bones' allegations

4

will no[t] . . . survive a motion to dismiss."[5] Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

III. DISCUSSION

   A. Section 1983 - Inadequate Medical Care and First Amendment Retaliation (Count I)

Stewart claims the individual Defendants[6] failed to provide him with adequate medical care in violation of the Eighth and Fifth Amendments. Am. Compl. ¶¶ 73-74. I note initially that as a pre-trial detainee at a county correctional facility, Stewart's claim for inadequate medical care arises solely under the Due Process Clause of the Fourteenth Amendment.[7] Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). To prevail, Stewart must show (1) he had a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999)); see also Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).

Stewart has failed to plausibly allege any of the individual Defendants were deliberately indifferent to his medical needs, assuming those needs were serious. A prison official acts with deliberate indifference to a prisoner's serious medical needs where "the official knows of and disregards an excessive risk to inmate health or safety;

---

[5] Although Stewart is now proceeding pro se, his amended complaint is not a "pro se complaint" entitled to liberal construction, see Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009), because it was filed through Stewart's then attorney, Mr. Stapleton.

[6] To the extent Stewart claims Defendant DOC is liable on Count I, the Eleventh Amendment bars his claim. See Pettaway v. SCI Albion, 12-1396, 2012 WL 1850919, at *2 (3d Cir. May 22, 2012).

[7] As indicated, it is unclear whether Stewart was ever incarcerated at BCP as a convicted prisoner. Assuming he was, he would have viable claim under the Eighth Amendment for inadequate medical care. Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). This ambiguity is irrelevant, however, since courts apply the same standard in evaluating claims for inadequate medical care under the Eighth and Fourteenth Amendments. Id.

5

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Stewart's amended complaint contains no specific allegations against any of the individual Defendants. Indeed, aside from identifying each Defendant as a party to the action, Am. Compl. ¶¶ 4-6, Stewart neither references Defendants by name nor includes any facts plausibly suggesting each knew of and disregarded an excessive risk to his health.[8]

In any event, Stewart received adequate medical care. Deliberate indifference requires a showing of "wanton infliction of unnecessary pain." Estelle, 429 U.S. at 105. "[N]egligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference." Iseley v. Beard, CIV. 1:CV-02-2006, 2009 WL 3199694, at *4 (M.D. Pa. Sept. 29, 2009). Stewart's amended complaint indicates that his sores were promptly diagnosed, Am. Compl. ¶ 29, and treated, id. ¶¶ 30-31, 37.[9] That Stewart was apparently displeased with his treatment and felt he received contradictory medical advice does not, without more, state a claim for inadequate medical care. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

Stewart also claims in Count I that Defendants retaliated against him in violation of the First Amendment. Am. Compl. ¶ 76. Stewart alleges Defendants imposed

---

[8] It is unclear form the amended complaint whether Stewart is suing Defendant Wagner in his individual or official capacities, or both. To the extent Defendant Wagner is being sued in his official capacity, Stewart's claim is equivalent to a suit against the municipality. I note briefly that, in addition to failing to plausibly allege that Defendant Wagner was deliberately indifferent to his serious medical needs, Stewart has not alleged that his injury resulted from a municipal policy or custom, as required to establish municipal liability. See Natale, 318 F.3d at 584.
[9] Stewart's original complaint, which I may consider, see Weigher v. Prison Health Servs., 402 F. App'x 668, 669 n.1 (3d Cir. 2010), further indicates that he received prompt and frequent medical treatment. Compl. at 4-5.

6

"improper punishment and . . . withh[eld] . . . privileges in the event of complaints." Id. To prevail, Stewart must show (1) the conduct which led to the alleged retaliation was constitutionally protected, (2) that he was subjected to adverse actions by a state actor, and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take the adverse action. Miskovitch v. Hostoffer, 721 F. Supp. 2d 389, 395 (W.D. Pa. 2010). Stewart's claim fails on the first prong. Complaining about a prison official's misconduct is protected activity for purposes of a retaliation claim, id. at 396; however, Stewart's amended complaint is devoid of any allegation that he actually lodged a complaint. "[M]erely alleging the fact of retaliation is insufficient." Id. at 395. Stewart does claim that he provided "proper notice as required of the potential pendency of this action." Am. Compl. ¶ 49. Yet even assuming this action constituted protected activity, Stewart's amended complaint simply contains no facts plausibly suggesting a causal link between the exercise of his constitutional rights and the adverse actions purportedly taken against him. There is no allegation that Defendants were even aware of Stewart's filing of "proper notice," much less any indication that Stewart's filing and Defendants' alleged retaliation occurred sufficiently close in time to be suggestive of retaliatory motive.

Count I is therefore dismissed.

**B.     Section 1983 – Failure to Train, Supervise, and Regulate (Count II)**

Stewart asserts a failure-to-train claim only against Defendant DOC. Am. Compl. ¶¶ 78-87. Stewart's claim fails at the outset because "[s]uit against the Commonwealth's

7

Department of Corrections . . . is barred by the Eleventh Amendment." Pettaway v. SCI Albion, 12-1396, 2012 WL 1850919, at *2 (3d Cir. May 22, 2012).

Count II is therefore dismissed.

### C. ADA (Count IV)

Stewart alleges Defendants violated Title II of the ADA by failing to properly treat his medical conditions. Am. Compl. ¶¶ 91-97. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Stewart's ADA claim fails as a matter of law, assuming he was a qualified individual with a disability, because he challenges only the adequacy of his medical treatment and fails to allege facts suggesting he was denied benefits or discriminated against. "[T]he ADA does not create a federal cause of action for prisoners challenging the medical treatment provided for their underlying disabilities." Hubbard v. Taylor, 452 F. Supp. 2d 533, 544 (D. Del. 2006); see also Jordan v. Delaware, 433 F. Supp. 2d 433, 443 (D. Del. 2006) ("The ADA cannot be used to bring a claim for medical negligence."). Because that is all Stewart does here, his ADA claim is dismissed.

**D.  State Law Claims – Medical Malpractice (Count III);[10] Intentional Infliction of Emotional Distress (Count V); Negligent Infliction of Emotional Distress (Count VI)**

Having dismissed Stewart's federal claims, I decline to exercise supplemental jurisdiction over Stewart's remaining state law claims. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999). Accordingly, those claims are dismissed without prejudice.

**IV.  CONCLUSION**

For the foregoing reasons, Stewart's amended complaint is dismissed with prejudice,[11] except as to his state law claims, which are dismissed without prejudice.

An appropriate order follows.

---

[10] As indicated, Stewart's amended complaint purports to state a claim under the FTCA, Am. Compl. ¶ 1; however, Berks County Prison is not a federal facility and the United States is not a defendant in this action. I therefore interpret Stewart's ambiguous "malpractice" claim as one arising under Pennsylvania law.

[11] Stewart had over the course of this litigation two attorneys, both of whom concluded his case lacked any merit and one of whom drafted his amended complaint with the benefit of the individual Defendants' first motions to dismiss. Counts II and IV of Stewart's amended complaint simply fail as a matter of law. Despite bolstering his factual allegations in Count I, Stewart still failed to state viable claims. Further amendment of these counts would therefore be futile.

9